OLIVER H. P. CHAMPLIN AND AMELIA T. CHAMPLIN, RESPONDENTS, *v.* THOMAS STODDARD, APPELLANT, IMPLEADED, ETC.

*Damages — measure of, in an action for the unlawful sale of articles in violation of the plaintiffs' exclusive right to make and sell them.*

This action was brought to recover the damages sustained by the plaintiffs by reason of the unlawful manufacture and sale by the defendant of a cosmetic, the right to manufacture and sell which belonged to the plaintiffs. The referee allowed the plaintiffs to recover as damages the amount received by the defendant upon the sales made by him, less the amount which it would have cost the plaintiffs to make and vend the quantity of the cosmetic so sold. It appeared that the plaintiffs were prepared and able to make and sell this quantity, in addition to what they did actually sell.

*Held,* that the defendant could not complain of the measure of damages adopted by the referee.

The question as to what proof of the defendant's participation in the compounding and selling of the cosmetic was sufficient to sustain the action, considered.

APPEAL from an interlocutory judgment entered herein, adjudging that the defendant Thomas Stoddard had infringed upon the right and title of the plaintiffs to make and vend a certain cosmetic known as " Champlin's Liquid Pearl," and ordering a reference to ascertain the amount of the damages sustained by the plaintiffs by reason of such infringement, and also from an order of the Special Term overruling the defendant's exceptions to the report of the

referee, and confirming such report, and also from the final judgment herein for the recovery of the damages reported by the referee.

*Norris Morey*, for the appellant.

*James A. Allen*, for the respondents.

SMITH, P. J.:

The argument of the learned counsel for the appellant is directed mainly to the measure of damages adopted by the referee, and to the amount of damages which he has awarded.

The finding of the referee as to the amount of sales made by the appellant is challenged on the ground that it is not warranted by the evidence, the contention on the part of the appellant being that such sales were made, not by the appellant, but by the firm of " Stoddart Brothers," on account of Charles Stoddart alone. The appellant and Charles Stoddart were brothers and they composed the said firm of " Stoddart Brothers." The referee, in holding that the sales made at the place of business of the firm were made by the appellant, merely followed the adjudication of the court at Special Term, and that adjudication was fully warranted by the evidence, which tended to show that the appellant (who, by his contract with the plaintiff, was bound not to manufacture or vend the cosmetic in question, the formula for the preparation of which was a secret of trade which he had sold to the plaintiffs for a valuable consideration) took part in the compounding, bottling and labeling of the cosmetic made at the store of said firm, and in shipping the same. The cosmetic so made and put upon the market by his agency being an infringement of the plaintiffs' rights, the appellant was none the less liable for the damages to the plaintiffs resulting therefrom, because he associated his brother with himself in the enterprise, and assumed to carry on the business in the name of the firm, on his brother's account.

The measure of damages adopted by the referee, we think, is one of which the appellant can not complain. It was the price realized by the appellant from his sales, less what it would have cost the plaintiffs to make and vend the quantity sold by the appellant. The referee found, upon sufficient evidence, that the plaintiffs were prepared and able to have sold the same quantity, in addition to

what they did sell, during the same period. The evidence shows very clearly that the defendant's sales were made largely in places where the plaintiffs had an established market which they had built up by extensive advertising, the defendant's sales being at a reduced price, and in great part to persons who had been customers of the plaintiffs. The case seems analogous to that of an infringement upon a patent, so far as the measure of damages is concerned. In patent cases, where the plaintiff may reasonably and fairly be said to have possessed the facilities for making the sales which were made by the defendant, the rule of damages against the infringer is the difference between what the quantity of the article sold by the defendant would have cost the plaintiff to produce and sell, and the sum which, at the current prices at which the plaintiff sold his manufactures, he would have realized for the infringing goods disposed of by the defendant. (*Bigelow Carpet Co.* v. *Dobson,* 10 Fed. R., 385; *American Saw Company* v. *Emerson,* 8 id., 806; *Buck* v. *Hermance,* 1 Blatch. R., 398, 406.) Applying this principle to the case, it follows that the plaintiffs have not recovered more than they are entitled to.

Mr. Justice BARKER, in his opinion at Special Term, on overruling the defendant's exceptions to the referee's report, also likened the case to an action brought for a breach of an agreement not to engage in a certain kind of business at a particular place for a specified number of years, and in analogy to those cases he upheld the rule of damages adopted by the referee. We concur in his conclusion on that point. He cited the cases of *Doyle* v. *Dixon* (97 Mass., 208), and *Marsh* v. *Billings* (7 Cush., 322).

It was not error to allow proof of the advertising done by the plaintiffs. It was competent for the purpose of showing what they had done by way of establishing a market in sections of the country where the defendant subsequently made sales.

We think the judgment and order appealed from should be affirmed, with costs to the respondents.

BRADLEY and CORLETT, JJ., concurred; BARKER, J., not sitting.

Judgment and order affirmed, with costs.